IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PHOENIX PETROLEUM COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 97-315C |
| | ) | (Senior Judge Margolis) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Defendant respectfully submits this status report to notify the Court of further proceedings in the "jet fuel" cases, 28 cases pending in this Court that arose from the Court of Federal Claims' decision in MAPCO Alaska Petroleum, Inc. v. United States, 27 Fed. Cl. 405 (1992).

As the parties reported in their joint status report submitted to the Court on September 14, 2005, in Tesoro Hawaii Corp. v. United States, 405 F.3d 1339 (Fed. Cir. 2005), the Court of Appeals for the Federal Circuit held that the Government's use of a market-based economic price adjustment ("EPA") clause, such as the one used in B19.33, which is tied to the Petroleum Marketing Monthly ("PMM"), is authorized under the Federal Acquisition Regulation ("FAR"). Tesoro, 405 F.3d at 1348. Since that time, a number of the 28 plaintiffs decided to continue their litigation. They alleged, without success, (1) the PMM-based clause did not meet the requirements of a market-based EPA clause; (2) common law theories of recovery; and (3) the solicitations at issue violated other sections of the FAR. In ConocoPhillips v. United States, and LaGloria Oil and Gas Co. v. United States, 501 F.3d 1374 (Fed. Cir. 2007), the Federal Circuit rejected all of the theories plaintiffs had appealed.[1]

[1] Plaintiffs abandoned several of their theories.

After the Federal Circuit's decision in ConocoPhillips and LaGloria, virtually all of the other plaintiffs have agreed to dismiss their complaints based upon mutual releases in which neither party recovers. Other than the Phoenix case, the only remaining cases are Gold Line Refining Ltd. v. United States, Fed. Cl. No. 98-543C, and a related follow-on case filed by Gold Line's bankruptcy trustee.[2] On May 15, 2008, the Gold Line bankruptcy trustee filed a motion in bankruptcy court requesting permission to compromise Gold Line's claims upon the same basis that the other plaintiffs have dismissed theirs.

The only ground for relief upon which Phoenix Petroleum Company ("Phoenix") requested relief in its complaint is that the EPA clause, B19.33, contained in Contract DLA600-89-D-0572 does not comply with FAR Subpart 16.2 and, therefore, Phoenix's contract is illegal. Complaint ¶¶ 18-22. Therefore, the Federal Circuit's decisions in Tesoro Hawaii and Conoco Phillips are dispositive of the issues in this case.

The Court's April 30, 2003 unpublished decision issued in this case is inconsistent with these two Federal Circuit decisions. Accordingly, defendant respectfully requests that the Court issue an order directing the plaintiff to show cause why the Court's unpublished decision should not be vacated, Phoenix's complaint should not be dismissed with prejudice, and judgment should not be entered in favor of the United States.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

---

[2] Shell Oil Co. v. United States, Fed. Cl. No. 04-1240C, has been settled. Dismissal of that case is pending.

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8278
Facsimile: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

HOWARD M. KAUFER
Senior Counsel
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

MAY 28, 2008

CERTIFICATE OF FILING

I hereby certify that on this 28th day of MAY, 2008, a copy of this "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl L. Floyd